IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LANCE LEDUC, | Case No. CV-04-531-S-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| MICRON TECHNOLOGY, INC., and KELLY SERVICES, INC., | |
| Defendants. | |

## INTRODUCTION

The Court has before it Micron Technology, Inc.'s ("Micron") Motion to Dismiss (Docket No. 14) and Kelly Services, Inc.'s ("Kelly") Motion to Dismiss (Docket No. 17). The motions are fully briefed, and the Court held oral argument on the motions on September 19, 2005. The Court now issues the following Memorandum Decision and Order.

## BACKGROUND

In June, 2000, Plaintiff began working for Micron in its SIG Quality Assurance department. After suffering an apparent skin rash in response to an allergy to latex, Plaintiff requested, and received, a transfer to Micron's Inventory Control department in January, 2001. Plaintiff then began complaining of arthritic

**Memorandum Decision and Order -- Page 1**

pain and requested another transfer. Micron transferred Plaintiff to its Receiving Department. Plaintiff continued to complain of arthritic pain, however, and requested a transfer back to the Inventory Control Department.

In late May or early June, 2001, Micron transferred Plaintiff to one of its subsidiaries, Crucial. The position at Crucial was temporary, and Plaintiff was given ninety days to find a permanent position with Crucial. During the ninety-day period, Plaintiff filed a Charge of Discrimination against Micron with the Idaho Human Rights Commission ("IHRC") and the Equal Employment Opportunity Commission ("EEOC").

Micron subsequently offered Plaintiff a new position, but Plaintiff turned it down because it apparently contained a steep learning curve. Micron thereafter terminated Plaintiff on September 4, 2001.

Plaintiff filed a second Charge of Discrimination against Micron on October 25, 2001, complaining that he was terminated because of disability. The IHRC and EEOC processed the first two Charges of Discrimination as a single case. On April 29, 2002, the IHRC found no probable cause to believe discrimination had occurred and issued Plaintiff a Notice of Right to Sue letter. On May 29, 2002, the EEOC issued a similar letter.

After his termination from Micron, Plaintiff undertook temporary work

**Memorandum Decision and Order -- Page 2**

through Kelly at Blue Cross of Idaho.  In January, 2002, he applied for, but did not receive, a permanent position with Blue Cross.

In May, 2002, Plaintiff re-applied, through Kelly, for a position with Micron.  After Micron refused to offer Plaintiff a job, Plaintiff asked his brother, who was employed by Kelly, to inquire as to what type of reference he was receiving from Micron.  Plaintiff's brother informed him that he was on "no re-hire" status with Micron.

In August, 2002, Plaintiff applied for, but did not receive, positions with other companies.  Thereafter, on December 26, 2002, Plaintiff filed a third Charge of Discrimination against Micron with the IHRC and EEOC.  The IHRC again found no probable cause for discrimination and issued a Notice of Right to Sue letter on November 20, 2003.  The EEOC adopted the IHRC's findings and issued its own Notice of Right to Sue letter on July 19, 2004.

On October 18, 2004, Plaintiff filed his Complaint in this matter.  On June 15, 2005, Plaintiff filed an Amended Complaint.  On July 19, 2005, Micron filed its motion to dismiss, and on August 4, 2005, Kelly filed its motion to dismiss.

## ANALYSIS

A plaintiff must file a timely charge of discrimination with the EEOC as a prerequisite to maintaining an ADA action.  *See Santa Maria v. Pacific Bell*, 202

**Memorandum Decision and Order -- Page 3**

F.3d 1170, 1176 (9th Cir. 2000).  If the EEOC dismisses the charge, the claimant has ninety days to file a civil action.  See 42 U.S.C. § 2000e-5(f)(1).  In Title VII cases, this ninety-day period is a statue of limitations.  *See Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 383 (9th Cir. 1997) (citations omitted).[1]  Because the ADA adopts the procedural requirements of Title VII, including the EEOC filing requirement, the ninety-day limitation period applies to ADA suits.  See 42 U.S.C. § 12117(a); *see also Santa Maria*, 202 F.3d at 1176.  Therefore, if a claimant fails to file the civil ADA action within the ninety-day period, the action is time-barred.  *Id.*[2]

Plaintiff concedes that his claims relating to his employment with, and departure from, Micron in 2000-2001, as set forth in paragraphs 37-38 of the Amended Complaint, are time barred pursuant to 42 U.S.C. § 2000e-5(f)(1) and should be dismissed with prejudice.  Additionally, although Plaintiff disagrees with

---

[1] Micron cites a 5th Circuit case for the proposition that the ninety-day period is jurisdictional.  The Ninth Circuit, however, in *Valenzuela v. Kraft, Inc.*, 801 F.2d 1170 (9th Cir. 1986), specifically found that it is a statute of limitations, not jurisdictional.  After reviewing a number of cases, the Ninth Circuit in *Valenzuela* stated: "Taken as a whole these cases firmly establish that the 90-day filing period is a statue of limitations subject to equitable tolling in the appropriate circumstances.  We conclude that the Court's analysis in these decisions has effectively overruled our previous decisions holding that the 90-day period is a jurisdictional requirement . . . ."  *Valenzuela*, 801 F.2d at 1174.

[2] Because the ninety-day period is a statue of limitations, it is subject to the doctrine of equitable tolling.  *See Nelmida*, 112 F.3d at 384.  Plaintiff has made no argument for equitable tolling.  Even if Plaintiff did seek equitable tolling the Court would not apply it in this case.  Equitable tolling should be applied sparingly, and this case does not warrant it.  *See id*.

**Memorandum Decision and Order -- Page 4**

Micron's stated ground for seeking dismissal of the claims relating to Micron's alleged discriminatory policies and practices, as set forth in paragraph 40 of the Amended Complaint, Plaintiff nevertheless agrees that such claims can be dismissed with prejudice. Thus, the Court will summarily dismiss the claims asserted in paragraphs 37, 38 and 40 of the Amended Complaint.

With that, the only remaining claims in Plaintiff's Amended Complaint are as follows:

1. Paragraph 39: Micron intentionally retaliated against Plaintiff by refusing to rehire him for having filed charges of disability discrimination with state and federal agencies;

2. Paragraph 41: Kelly and/or Micron discriminated against Plaintiff on account of his disability, or perceived disability, in speaking poorly about Plaintiff with other employers and/or with Kelly; and

3. Paragraph 42: Kelly and/or Micron retaliated against Plaintiff for having filed charges of disability discrimination with state and federal agencies in speaking poorly about Plaintiff with other employers.

To determine whether these claims are maintainable, the Court will consider the claims against Micron and Kelly separately.

## A. Claims Against Micron

### 1. Legal Standard

Micron timely filed a Rule 12(b)(6) Motion to Dismiss in lieu of an Answer

to Plaintiff's Complaint. When a complaint is challenged under Rule 12(b)(6), the court must take all factual allegations set forth in the complaint as true and in the light most favorable to the plaintiff. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The Court may not consider material beyond the pleadings. *Id*. If matters outside the pleadings are considered, the motion shall be treated as one for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. *Id*.

Exceptions to the requirement that consideration of extrinsic evidence converts a Rule 12(b)(6) motion to a summary judgment motion exist. For example, a court may consider material which is properly submitted as part of the complaint, or incorporated by reference in the complaint. *Id.*; *see also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). This exception applies even where the documents are not physically attached to the complaint, but where their authenticity is not contested and the plaintiff's complaint necessarily relies on them. *Id*. Moreover, "when [the] plaintiff fails to introduce a pertinent document as part of his pleading, [the] defendant may introduce the exhibit as part of his motion attacking the pleading . . . ." *Cooper v. Pickett*, 137 F.3d 616, 622-23 (9th Cir. 1998) (citing *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994) (overruled on other grounds). The defendant may offer the document, and the

**Memorandum Decision and Order -- Page 6**

district court may treat the document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6). *See Ritchie*, 342 F.3d at 908.

In this case, Plaintiff's Amended Complaint relies on the charges of discrimination he filed with the IHRC and EEOC, as well as the decisions by those commissions. Moreover, although the documents were not physically attached to the Amended Complaint, their authenticity is not contested. Additionally, the documents were attached to an affidavit in support of Micron's Motion to Dismiss, and Plaintiff referenced the documents in his response brief. Thus, the Court will consider the documents, assume their contents are true for purposes of the motion to dismiss, and will not convert the Rule 12(b)(6) motion into a summary judgment motion. The Court will not consider any other extrinsic evidence.

### 2.     Plaintiff's Charge of Discrimination

Plaintiff filed a third Charge of Discrimination with the IHRC and EEOC against Micron on December 26, 2002.[3] Plaintiff made the following substantive statements in that charge:

> A.   I filed charges of discrimination with the Idaho Human Rights Commission on July 23 and October 25, 2001, alleging disability discrimination. I was terminated on September 4,

---

[3] Plaintiffs first two charges of discrimination relate to the claims conceded for dismissal.

**Memorandum Decision and Order -- Page 7**

2001.

B. In January, 2002, I applied for a job as a dockworker with Blue Cross of Idaho. On January 12, 2002, I was told that I did not get the job. I had been working there as a temp for hire for a month and a half.

C. In May of 2002, Respondent would not allow Kelly services to place me at Respondent. Trista from Kelly Services said Respondent said they would not rehire me for a warehouse job that I was qualified for.

D. In August 2002, I applied for jobs at Treasure Valley Labs and SBM but was denied jobs by both employers. After they did reference check.

E. I believe that unknown individuals at Respondent was telling potential employers that I am not a good worker and should not be hired.

(Olsson Affidavit, Ex. F).

On November 20, 2003, the IHRC found no probable cause for Plaintiff's claims and issued a Notice of Right to Sue letter. (Olsson Affidavit, Ex. F). On July 19, 2004, the EEOC adopted the IHRC's findings and issued its own Notice of Right to Sue letter. (Olsson Affidavit, Ex. G). Ninety days later, on October 18, 2004, Plaintiff filed his original Complaint in this action. On June 15, 2005, Plaintiff filed his Amended Complaint.

### 3. Adequacy of Plaintiff's Claims

Plaintiff's original Complaint was filed within the ninety-day period

required by 42 U.S.C. § 2000e-5(f)(1). Thus, it was timely filed. However, Plaintiff's Complaint is limited by the administrative charge. "Incidents of discrimination not included in an EEOC charge may not be considered by a federal court unless the new claims are 'like or reasonably related to the allegations contained in the EEOC charge.'" *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990) (citing *Green v. Los Angeles County Superintendent of Schools*, 883 F.2d 1472 (9th Cir. 1989)). The jurisdictional scope of the claimant's court action depends upon the scope of both the EEOC charge and the EEOC investigation. *Id*. The Court must therefore examine proceedings before the EEOC to determine the scope of federal court jurisdiction. *Id*. In analyzing the EEOC charge, the Court must construe the charge liberally. *Id*. The Court must inquire "'whether the original EEOC investigation would have encompassed the additional charges'" made in the court complaint but not included in the EEOC charge itself. *Id*. (quoting *Green*, 883 F.2d at 1476. "In short, the jurisdiction for [the claimant's] court action is not limited to the actual EEOC investigation, but can include the scope of an 'EEOC investigation which *can reasonable be expected* to grow out of the charge of discrimination'" *Id*. (quoting *Geeen*, 883 F.2d at 1476) (emphasis in original).

     In this case, the test does not stop there. Plaintiff filed an Amended

**Memorandum Decision and Order -- Page 9**

Complaint. Federal Rule of Civil Procedure 15(c) provides that an amendment of a pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2).

Accordingly, in order for Plaintiff to maintain the remaining claims in his Amended Complaint, those claims must (1) relate back to the original Complaint, and (2) relate to the claims in the EEOC charge and investigation.

Each of Plaintiff's remaining claims, paragraphs 39, 41 and 42, contain what the Court will describe as motive and action. The Court will address each claim separately to determine whether the motive and action asserted in each claim relates back to the original Complaint and relates to the claims in the EEOC charge and investigation.

      **a.**    **Paragraph 39**

In paragraph 39, Plaintiff asserts that Micron intentionally retaliated against Plaintiff by refusing to rehire him for having filed charges of disability discrimination with state and federal agencies. Thus, the motive is Plaintiff's earlier formal charges of discrimination, and the action is retaliation.

The Court finds that both the motive and action claimed in paragraph 39

**Memorandum Decision and Order -- Page 10**

relate back to the original Complaint. Specifically, paragraph 34 of the original Complaint states that "Micron retaliated against Plaintiff for having filed charges of disability discrimination with state and federal agencies. (Complaint at ¶34). Although paragraph 39 of the Amended Complaint is more precise because it specifically states that Micron retaliated by not re-hiring Plaintiff, the Court concludes that the claim asserted in the Amended Complaint arose out of the conduct, transaction, or occurrence attempted to be set forth in paragraph 34 of the original Complaint.

The Court also finds that the claim in paragraph 39 of the Amended Complaint relates to the administrative charge and investigation. The administrative charge states that Plaintiff filed charges of discrimination against Micron with IHRC. It also states that Micron would not re-hire Plaintiff. (Olsson Affidavit, Ex. E). Although the charge does not specifically allege that Micron's decision not to re-hire Plaintiff was based on his earlier charges of discrimination, a liberal construction of the charge, which the Court is required to adopt, allows for such a conclusion. *See Sosa*, 920 F.2d at 1456. Moreover, a review of the IHRC's decision reveals that the investigation construed the claim in such a manner. (Olsson Affidavit, Ex. F, IHRC Investigator's Report and Recommendation, p. 2). Accordingly, the Court will not dismiss Plaintiff's claim contained in paragraph 39

**Memorandum Decision and Order -- Page 11**

of the Amended Complaint.

### b.  Paragraph 41

In paragraph 41, Plaintiff asserts that Kelly and/or Micron discriminated against Plaintiff on account of his disability, or perceived disability, in speaking poorly about Plaintiff with other employers and/or with Kelly.  As it relates to Micron, the motive asserted in paragraph 41 is Plaintiff's disability or perceived disability.  The action asserted in paragraph 41 is discrimination.

Plaintiff contends that paragraph 41 relates back to paragraph 27 of the original Complaint, which states that "Plaintiff believes Micron and, perhaps, Kelly told potential future employers that he had disabilities, which interfered with his ability to obtain employment."  (Complaint, ¶27).  This paragraph does state the same motive set forth in paragraph 41 of the amended complaint.  However, it does not describe the actions alleged in paragraph 41 – i.e., it says nothing about discrimination.  Under theses circumstances, the Court cannot conclude that the claim asserted in paragraph 41 of the Amended Complaint arose out of the conduct, transaction, or occurrence attempted to be set forth in the original Complaint.

Because paragraph 41 does not relate back to the original Complaint, the Court need not address whether it relates to the administrative charge and

**Memorandum Decision and Order -- Page 12**

investigation, and the Court will dismiss paragraph 41 of the Amended Complaint.

      c.     **Paragraph 42**

In paragraph 42, Plaintiff asserts that Kelly and/or Micron retaliated against Plaintiff for having filed charges of disability discrimination with state and federal agencies in speaking poorly about Plaintiff with other employers. As it relates to Micron, the motive alleged in paragraph 42 is Plaintiff's earlier charges of disability discrimination. The action claimed in paragraph 42 is retaliation. Plaintiff asserts that paragraph 42 relates back to paragraph 27 of the original Complaint. As noted above, paragraph 27 of the original Complaint states that "Plaintiff believes Micron and, perhaps, Kelly told potential future employers that he had disabilities, which interfered with his ability to obtain employment." (Complaint, ¶27). This paragraph satisfies the motive portion of the Court's inquiry. However, it does not describe the action alleged in paragraph 42 – i.e., it does not allege retaliation.

The next paragraph of the original Complaint, paragraph 28, does state that "this further retaliation was the subject of another charge with the Idaho Human Rights Commission and the EEOC." (Complaint, ¶28). The Court finds that this additional paragraph supplies the action portion of the claim. Thus, the Court will conclude that the claim asserted in paragraph 42 of the Amended Complaint arose

**Memorandum Decision and Order -- Page 13**

out the conduct, transaction, or occurrence attempted to be set forth in the original Complaint.

The Court also finds that the claim in paragraph 42 of the Amended Complaint relates to the administrative charge and investigation. The administrative charge asserts that Micron would not rehire Plaintiff. (Olsson Affidavit, Ex. E). It also asserts that Plaintiff believes that individuals at Micron were telling potential employers that he is not a good worker and should not be hired. (Olsson Affidavit, Ex. E). Moreover, a review of the IHRC's decision reveals that the investigation construed the charge that way. (Olsson Affidavit, Ex. F, IHRC Investigator's Report and Recommendation, p. 2). Finally, even if the investigation did not construe Plaintiff's claim that way, such an investigation could have reasonably been expected to grow out of the charge of discrimination. *See Sosa*, 920 F.2d at 1456. Accordingly, the Court will not dismiss Plaintiff's claim contained in paragraph 42 of the Amended Complaint.

**B.     Claims Against Kelly**

   **1.     Legal Standard**

Kelly filed an Answer to Plaintiff's Amended Complaint. Thereafter, Kelly filed its Motion to Dismiss pursuant to Rule 12(c), or, alternatively, for summary judgment pursuant to Rule 56. As with a Rule 12(b)(6) motion, if matters outside

**Memorandum Decision and Order -- Page 14**

the pleadings are considered by the court, a Rule 12(c) motion is converted into a motion for summary judgment. Fed.R.Civ.P. 12(c). However, the exceptions under Rule 12(b)(6) for not converting a motion to dismiss into a motion for summary judgment apply to a Rule 12(c) motion. *See e.g. Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (incorporation by reference exception for 12(b) motions should apply in Rule 12(c) cases as well); *In re Rultz*, 232 B.R. 709, 719 (N.D.Ill. 1999) (motion for judgment on the pleadings under Rule 12(c) is subject to same standard as motion to dismiss under Rule 12(b), and documents that a defendant attaches to a Rule 12(b) motion to dismiss are considered to be part of the pleadings if the plaintiff referred to them in its complaint and documents are central to plaintiff's claim). Thus, the Court, as it did in considering Micron's Rule 12(b)(6) motion, will consider the IHRC and EEOC documents, will assume their contents are true for purposes of the 12(c) motion, and will not convert the Rule 12(c) motion into a summary judgment motion.

    **2.**    **This Court lacks jurisdiction over Plaintiff's claims against Kelly**

Plaintiff asserts claims against Kelly in paragraphs 41 and 42 of the Amended Complaint. However, Plaintiff did not name Kelly as a defendant in his Charge of Discrimination filed with the IHRC and EEOC. (Olsson Affidavit, Ex. E). Under the general rule, a claimant may sue only those named in the EEOC

**Memorandum Decision and Order -- Page 15**

charge because only they had an opportunity to respond to charges during the administrative proceeding.  *See Sosa*, 920 F.2d at 1456.  However, charges can be brought against persons not named in an EEOC complaint as long as they were involved in the actions giving rise to the EEOC claim.  *Id.* (citing *Wrighten v. Metropolitan Hosp.*, 726 F.2d 1346, 1352 (9th Cir. 1984).  Furthermore, the court has jurisdiction over defendants not named in the EEOC complaint, if the EEOC or the defendants themselves, "should have anticipated" that they would be named as additional defendants in the lawsuit.  *Id.* at 1459 (citing *Chung v. Pomona Valley Community Hosp.*, 667 F.2d 788, 792 (9th Cir. 1982)).

   Here, the only actions taken by Kelly were to inquire on behalf of Plaintiff whether Micron would re-hire him.  (Olsson Affidavit, Ex. F).  After learning from Micron that it would not re-hire Plaintiff, Kelly passed that information onto Plaintiff.  *Id.*  These are not actions giving rise to the EEOC claim.  Moreover, neither the EEOC nor Kelly should have anticipated that Plaintiff would name Kelly as a defendant in the action based on their limited involvement.

   There are three other recognized exceptions to the general rule.  "First, if the respondent named in the EEOC charge is a principal or agent of the unnamed party, or if they are 'substantially identical parties,' suit may proceed against the unnamed party."  *Id.*  Although Plaintiff states that Kelly was an agent of Micron

**Memorandum Decision and Order -- Page 16**

as a matter of law, he gives not factual or legal support for such an assertion.  The Court can find none in the pleadings.  The Court therefore finds this exception inapplicable to Kelly.

"Second, suit may proceed if the EEOC could have inferred that the unnamed party violated Title VII [or the ADA]." *Id*.  As noted above, nothing about Kelly's limited role in this matter gives rise to an inference that Kelly violated the ADA.  This exception is therefore likewise inapplicable to Plaintiff.

"Third, if the unnamed party had notice of the EEOC conciliation efforts and participated in the EEOC proceedings, then suit may proceed against the unnamed party." *Id*.  Kelly did not participate in the EEOC proceedings, except to the extent that one Kelly employee was interviewed as a third-party fact witness.  (Olsson Affidavit, Ex. F).  Kelly did not respond to any of the allegations contained in the charge, and, in fact, was never asked to do so.  *Id.*  Moreover, nothing indicates that Kelly was involved in, or even aware of, any conciliation efforts.  Thus, this exception does not apply to Plaintiff.

Accordingly, this Court lacks jurisdiction over Plaintiff's claims against Kelly and will dismiss them.

**Memorandum Decision and Order -- Page 17**

## ORDER

Based on the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED that Micron's Motion to Dismiss (Docket No. 14) shall be, and the same is hereby, GRANTED in part and DENIED in Part.  The Court dismisses with prejudice the claims against Micron contained in paragraphs 37, 38, 40 and 41 of the Amended Complaint.  The Court does not dismiss the claims against Micron contained in paragraphs 39 and 42.

IT IS FURTHER ORDERED that Kelly's Motion to Dismiss (Docket No. 17) shall be, and the same is hereby, GRANTED.  The Court dismisses with prejudice Plaintiff's claims against Kelly.

DATED:  **October 17, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court