IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LANCE LEDUC, | Case No. CV-04-531-S-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| MICRON TECHNOLOGY, INC., AND KELLY SERVICES, INC., | |
| Defendants. | |

## INTRODUCTION

The Court has before it Micron Technology, Inc.'s ("Micron") Motion for Summary Judgment (Docket No. 34), as well as Micron's four separate motions to strike. (Docket Nos. 49, 50, 51 and 54). The motions are fully briefed, and the Court heard oral argument on the motions on November 16, 2006. The Court now issues the following Memorandum Decision and Order.

## BACKGROUND

The background of this case is sufficiently set forth in the Court's October 17, 2005 Memorandum Decision and Order.

**Memorandum Decision and Order - 1**

# ANALYSIS

Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A moving party who does not bear the burden of proof at trial may show that no genuine issue of material fact exists by demonstrating that there is an absence of evidence to support the non-moving party's case. *See* Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Once the moving party meets its burden, the non-moving party must come forth with specific facts showing that there is a genuine issue for trial. *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

Plaintiff Lance Leduc's ("Leduc") remaining claims in this case allege that (1) Micron provided negative employment references to potential employers and (2) Micron refused to re-hire Leduc in retaliation for his filing of discrimination charges against Micron. Micron contends that there is no evidence supporting Leduc's claims.

### A.     **There is no evidence of negative employment references**.

Micron argues that Leduc has no personal knowledge of any negative references, and that he has come forth with no other evidence that Micron provided

**Memorandum Decision and Order - 2**

a negative reference to potential employers.  Micron's arguments are supported by Leduc's deposition testimony.  (See Olsson Aff., Ex. A, Leduc depo. at 18:5 - 20:9).

Leduc suggests that although he has no personal knowledge of negative references, he does have evidence that Micron told Trista Lewis, a Kelly Services, Inc. ("Kelly") employee, that Leduc was on no re-hire status at Micron, constituting a negative reference from Micron to Kelly.  However, Leduc offers no admissible evidence supporting his argument.  Leduc's evidence is in the form of the affidavit of Leduc's brother, David Leduc ("David").  In his affidavit, David states that a Micron employee, Marci Summi, told Trista Lewis, who told David, that Leduc was on no re-hire status at Micron.

Although Ms. Summi's statement may be considered non-hearsay as an admission by a party-opponent, and David's statement is supported by his affidavit on file with the Court, the testimony that links the two, that of Ms. Lewis, is hearsay.  Ms. Lewis' statement that Marci Summi told her Leduc is on no re-hire status at Micron is a statement, other than one made by the declarant, offered to prove the truth of the matter asserted.  See F.R.E. 801.  Moreover, the statement is not subject to any of the hearsay exceptions.  See F.R.E. 803 and F.R.E. 804.  Accordingly, Ms. Lewis' statement is inadmissible and Leduc cannot rely on it to

**Memorandum Decision and Order - 3**

support his claim.  See F.R.E. 802.  Thus, Leduc has failed to come forth with admissible evidence that Micron provided negative employment references to Leduc's potential employers, and the Court will grant summary judgment in favor of Micron on that claim.

> **B.     There is sufficient admissible evidence creating a genuine issue of material fact as to whether Micron refused to re-hire Leduc in retaliation for his filing of discrimination charges against Micron.**

Leduc's second claim is that Micron refused to re-hire Leduc in retaliation for his filing of discrimination charges against Micron.  Micron contends that Leduc never applied for a job with Micron, and therefore he cannot claim that Micron refused to re-hire him based on retaliatory purposes.  Micron specifically argues that although Leduc asked Ms. Lewis to send his application to Micron, he has no evidence that she actually did so.  (See Olsson Aff., Ex. A, Leduc depo. at 205:4 - 208:3).

Leduc offers the testimony of his brother David to show that Kelly did, in fact, submit Leduc's application to Micron.  In his affidavit, David states that he was working for Kelly in May 2002 when Leduc contacted Kelly to apply for a Material Handler position at Micron.  (See David Leduc Aff., ¶ 2, Docket No. 40).  David also states that while working at Kelly he became aware of Micron's procedure for using Kelly to recruit individuals for Material Handler positions.  (See David Leduc Aff., ¶ 4-5, Docket No. 40).  David outlines that procedure as

**Memorandum Decision and Order - 4**

follows:

> The procedure Micron used with Kelly for these Material Handler positions was, generally, that Kelly would have an applicant complete a Micron-specific application and Kelly would forward that application to Micron for its review. The procedure, however, as to an applicant who had already filled out a Kelly application (and was thus already in the Kelly system) and who had already worked for Micron (as my brother had), was that the account manager would contact Micron's personnel department (in my brother's case, Marci Summi) for their approval or denial.

(See David Leduc Aff., ¶ 5, Docket No. 40).

Federal Rule of Evidence 406 states that evidence of "the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the . . . organization on a particular occasion was in conformity with the . . . routine practice." F.R.E. 406. Thus, although there is no evidence that Kelly actually submitted Leduc's application to Micron in May 2002, there is sufficient evidence that it would have been the routine practice of Kelly to do so. David's testimony is sufficient to create a genuine issue of material fact with respect to whether Kelly submitted Leduc's application to Micron for a Material Handler position in May 2002. Accordingly, the Court will deny Micron's motion with respect to Leduc's claim that Micron refused to re-hire Leduc in retaliation for his filing of discrimination

**Memorandum Decision and Order - 5**

charges against Micron.

### C.     Motions to Strike

Micron filed several motions to strike the affidavits of Leduc, David and Leduc's attorney based on hearsay and lack of personal knowledge.  The only evidence the Court considered in this decision that was potentially subject to the motions to strike was David's testimony regarding Micron's procedure for hiring Material Handlers in May 2002.  However, Micron did not seek to strike the specific paragraphs of David's affidavit relied on by the Court in its decision (paragraphs 2-5).  Moreover, the Court will not strike those paragraphs because they are based on David's personal knowledge and they do not contain hearsay testimony.  Accordingly, the Court will deem the motions moot.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Micron's Motion for Summary Judgment (Docket No. 34) shall be, and the same is hereby, GRANTED in part and DENIED in part.  The motion is granted with respect to Leduc's claim that Micron provided negative employment references to potential employers.  The Court will deny the motion with respect to Leduc's claim that Micron refused to re-hire Leduc in retaliation for his filing of discrimination charges against Micron.

IT IS FURTHER ORDERED that Micron's motions to strike, (Docket Nos.

**Memorandum Decision and Order - 6**

49, 50, 51 and 54) shall be, and the same are hereby, DEEMED MOOT.

IT IS FURTHER ORDERED that the Clerk of the Court shall set this case for a status conference for the purpose of setting the case for trial.



DATED: **November 30, 2006**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge