IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| LANCE LEDUC, | ) | |
| | ) | Case No. CV-04-531-S-BLW |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM DECISION** |
| v. | ) | **AND ORDER** |
| | ) | |
| MICRON TECHNOLOGY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

The Court has before it Defendants' Motion for Reconsideration (Docket No. 61). The Court has determined that oral argument is not necessary, and the Court will issue its decision based on the briefs.

## ANALYSIS

Reconsideration is appropriate only if one of the following three criteria are met: (1) the Court is presented with newly discovered evidence; (2) the Court committed clear error or its decision was manifestly unjust; or (3) there is an intervening change in controlling law. See *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993); *see also Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

**Memorandum Decision and Order - Page 1**

Micron presents the Court with newly discovered evidence - the affidavit of Trista Eng, formerly know as Trista Lewis (hereafter referred to as "Trista").  In its initial brief, Micron argued that LeDuc's retaliation claim based on Micron's failure to re-hire him failed because LeDuc never applied for a position at Micron during the relevant time period in 2002. Specifically, Micron argued that although Leduc asked Trista, a then employee of Kelly Services ("Kelly") to send his application to Micron, he had no evidence that she actually did so.  (See Olsson Aff., Ex. A, Leduc depo. at 205:4 - 208:3).

LeDuc essentially acknowledged that he had no evidence that Trista actually sent his application to Micron, and unfortunately, neither party was able to locate Trista at that time.  However, based on testimony from LeDuc's brother, who formally held Trista's position at Kelly, LeDuc argued that it would have been Trista's routine practice to have submitted LeDuc's application to Micron.  Based on Federal Rule of Evidence 406, the Court found this information sufficient to deny summary judgment.

Micron has now located Trista, and Trista has submitted an affidavit for the Court's consideration.  In that affidavit, Trista states that "[a]t no time in 2002, did I submit an application for Lance LeDuc to Micron to be considered for a position as a material handler for Micron."  (Aff. Of Trista Lewis, ¶ 2, Docket No. 62).

**Memorandum Decision and Order - Page 2**

The Ninth Circuit has held "that in the failure-to-hire context involving a claim of retaliation, the plaintiff meets [his] burden by showing that 1) [he] engaged in protected activities; 2) the position was eliminated as to [him], and 3) the position was eliminated as to [him] because of the protected activities." *Ruggles v. California Polytechnic State University*, 797 F.2d 782, 786 (9th Cir. 1985)[1].  With respect to showing that the position was eliminated as to him, a plaintiff establishes his burden by showing he was "rejected" for the position.  *Id.* Such a rejection constitutes the closing of the job opening to him and the loss of opportunity even to compete for the position.

Based on Trista's affidavit, the Court finds that LeDuc's failure-to-hire retaliation claim fails as a matter of law.  Because LeDuc never applied for the position at Micron, he cannot show that he was rejected by Micron.  The Court is therefore inclined to reconsider its earlier decision and grant summary judgment in favor of Micron.

However, because Trista was only recently located, and it is unlikely that LeDuc has had an opportunity to depose or otherwise talk with Trista, the Court will not enter summery judgment at this time.  The Court will give LeDuc thirty

---

[1] Although *Ruggles* concerned a Title VII claim, and this case concerns an ADA claim, the Ninth Circuit has adopted the Title VII retaliation framework for ADA retaliation claims. *See Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1121 (9th Cir. 2000).

**Memorandum Decision and Order - Page 3**

days from the date of this Order to contact Trista, depose her if necessary, and provide the Court with deposition testimony or an affidavit from Trista that would raise a disputed issue of fact sufficient to avoid summary judgment.  The Court will require Micron to assist LeDuc in contacting Trista.  If LeDuc does not produce such evidence within thirty days of this Order, the Court will grant summary judgment in favor of Micron.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Court will withhold ruling on Defendants' Motion for Reconsideration (Docket No. 61) for the next thirty days.

IT IS FURTHER ORDERED that if LeDuc expects the Court not to grant summary judgment in favor of Micron at the end of the next thirty days, LeDuc must contact Trista, depose her if necessary, and provide the Court with deposition testimony or an affidavit from Trista that would support denying summary judgment.

IT IS FURTHER ORDERED that Micron shall assist LeDuc in contacting Trista.



DATED: **March 20, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - Page 5**