IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| LANCE LEDUC,<br><br>   Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC.,<br><br>   Defendants. | Case No. CV-04-531-S-BLW<br><br>MEMORANDUM DECISION AND ORDER |

### INTRODUCTION

The Court has before it Defendant Micron Technology, Inc.'s ("Micron") Motion for Reconsideration (Docket No. 61). On March 20, 2007, the Court stated that it was inclined to grant the motion based on newly discovered information - the affidavit of Trista Eng (formerly known as Trista Lewis, and hereafter referred to as "Trista"). However, the Court gave LeDuc thirty days from the date of that Order to contact Trista, depose her, and provide the Court with deposition testimony or an affidavit from Trista supporting Leduc's position. Leduc has now submitted Trista's deposition testimony and a supporting brief, and the Court issues the following decision on the Motion for Reconsideration.

## ANALYSIS

As this Court stated in its earlier opinion, the Ninth Circuit has held "that in the failure-to-hire context involving a claim of retaliation, the plaintiff meets [his] burden by showing that 1) [he] engaged in protected activities; 2) the position was eliminated as to [him], and 3) the position was eliminated as to [him] because of the protected activities." Ruggles v. California Polytechnic State University, 797 F.2d 782, 786 (9th Cir. 1986)[1]. With respect to showing that the position was eliminated as to him, a plaintiff establishes his burden by showing he was rejected for the position. Id. Such a rejection constitutes the closing of the job opening to him and the loss of opportunity even to compete for the position.

In her affidavit submitted by Micron, Trista states that "[a]t no time in 2002, did I submit an application for Lance LeDuc to Micron to be considered for a position as a material handler for Micron." (Aff. Of Trista Lewis, ¶ 2, Docket No. 62). Based on that statement, the Court determined that LeDuc's failure-to-hire retaliation claim likely failed as a matter of law because LeDuc never applied for the position at Micron, and therefore could not show that he was rejected by Micron.

---

[1] Although *Ruggles* concerned a Title VII claim, and this case concerns an ADA claim, the Ninth Circuit has adopted the Title VII retaliation framework for ADA retaliation claims. See Barnett v. U.S. Air, Inc., 228 F.3d 1105, 1121 (9th Cir. 2000).

However, in her deposition testimony, Trista states that she "did send an inquiry to [her] contact, Marci Sumii [at Micron], asking – stating that this candidate [Lance Leduc] was interested in coming back.  And would Micron be interested."  (See Trista Depo., 36:15-18, Docket No. 66).  Trista then testified that Micron's response to that inquiry was "[s]omething to the effect of not interested. . . ."  (See Trista Depo., 37:3, Docket No. 66).

This exchange is somewhat at odds with Trista's affidavit.  Although, technically, Trista may not have filed an application on behalf of LeDuc, there is at least a strong inference that, based on this exchange, Micron had closed a job opening to LeDuc and/or foreclosed LeDuc's opportunity to compete for a position.  See Ruggles, 797 F.2d at 786.  This raises a genuine issue of disputed fact as to whether LeDuc applied for, and was rejected, for a job with Micron.  Accordingly, the Court will not reconsider its earlier decision.  The case will proceed as outlined in the Court's Order Setting Trial (Docket No. 60).[2]

---

[2] The Court notes that Micron included in its January 22, 2007 Supplemental Addendum to Defendant's Motion for Reconsideration (Docket No. 62) a statement that Micron was "not able to locate Mrs. Eng [Trista] until recently, and therefore, have filed this affidavit after the initial Motion for Reconsideration. . . ."  However, it appears clear from Trista's deposition testimony that Trista has been working for Kelly Services, on-site at Micron, since May 2001.  (See Trista Depo., 9:18-25).  It is difficult to comprehend how Micron was unable to locate an individual who had an office in their own facility and was actively involved in the very business relationship between Micron and Kelly Services which give rise to this lawsuit.   That discrepancy, coupled with the inconsistency between the sworn affidavit signed by Trista at Micron's behest and her deposition testimony, raises questions that deeply trouble the Court.  Perhaps there is a reasonable explanation, but none has been offered.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion for Reconsideration (Docket No. 61) shall be, and the same is hereby, DENIED.



DATED: **April 20, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge